Richard J. Reynolds, Esq.
Nevada Bar No. 11864
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Michael E. Sullivan, Esq.
Nevada Bar No. 5142
E-mail: msullivan@rbsllaw.com
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, NV 89503
Tel: 775.329.3151
Fax: 775.329.7941

Attorneys for Defendant, MTC FINANCIAL INC.
dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 7912 LIMBWOOD COURT TRUST, a Nevada Trust,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a National Association; MTC FINANCIAL, INC. dba TRUSTEE CORPS, a foreign corporation; REPUBLIC SERVICES, INC., a Foreign Corporation; SANDRA J. NEWTON, individually; SONYA D. NEWTON, individually; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.<br><br>(Clark County Case No. A-13-677809-C)<br><br>**PETITION FOR REMOVAL BY DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS** |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4836-9475-5091 v1

- 1 -

PETITION FOR REMOVAL BY
DEFENDANT MTC FINANCIAL INC.
DBA TRUSTEE CORPS

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("TRUSTEE CORPS") submits this Petition for Removal of the above-captioned lawsuit entitled, <u>7912 LIMBWOOD COURT TRUST vs. WELLS FARGO BANK, N.A., et al.</u>; Case No. A-13-677809-C, assigned to Dept. XXXI, in the District Court located in Clark County, Nevada ("State Court") to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

1.  TRUSTEE CORPS was served with a copy of Plaintiff LIMBWOOD COURT TRUST's State Court Summons and Complaint ("Complaint") on or about March 7, 2013. Thus, this removal is timely because the 30-day period for filing the removal has not passed. 28 U.S.C. §1446(b). Additionally, removal is timely because it is filed within one year from when Plaintiff filed the original complaint in the State Court action on or about January 23, 2013.

2.  Pursuant to 28 U.S.C. §1446(a), TRUSTEE CORPS has attached a true and correct copy of the Civil Cover Sheet Summons and Complaint as **Exhibit "A."** Attached as **Exhibit "B"** is a true and correct copy of Plaintiff's Initial Appearance Fee Disclosure filed March 5, 2013. Attached as **Exhibit "C"** is a true and correct copy of a Notice of Lis Pendens filed March 5, 2013. Attached as **Exhibit "D"** is a true and correct copy of an Affidavit of Kenneth Berberich filed March 6, 2013. Attached as **Exhibit "E"** is a true and correct copy of Ex Parte Application filed March 6, 2013. Attached as **Exhibit "F"** is a true and correct copy of Court Minutes re: Motion for Temporary Restraining Order filed March 12, 2013. Attached as **Exhibit "G"** is a true and correct copy of an Affidavit of Service filed March 12, 2013. Attached as **Exhibit "H"** is Defendant Wells Fargo Bank, N.A.'s Response to the Plaintiff's Ex Parte Application or Temporary Restraining Order and Motion for Preliminary Injunction. Attached as **Exhibit "I"** is a true and correct copy of State Court's docket consisting of three sheets, including but not limited to, Court Minutes. TRUSTEE CORPS obtained copies of the aforementioned Exhibits "D" through "H" from the Clark County District Court website.

3.  TRUSTEE CORPS has provided and served a copy of the Petition for Removal on Plaintiff, Wells Fargo and will timely file a copy of the Petition for Removal with the Clerk of the Clark County District Court as required by 28 U.S.C. §1446(d).

4. TRUSTEE CORPS is informed and believes and hereon alleges that no other parties have appeared apart from itself, Wells Fargo, and Plaintiff.

5. Removal from State Court to this Court is proper as this district embraces the place where the action is pending 28 U.S.C. §1441(a).

## BACKGROUND

6. Plaintiff has asserted in its Complaint claims for quiet title and declaratory relief against Defendants, including but not limited to TRUSTEE CORPS.

## COMPLETE DIVERSITY OF CITIZENSHIP AS TO THE PARTIES

7. TRUSTEE CORPS is informed and believes that Plaintiff is a citizen of Nevada in that Plaintiff is a Nevada Limited Liability company doing business in Clark County, Nevada.

8. TRUSTEE CORPS is a California Corporation, whose corporate status is active in the state of Nevada, and whose principal place of business is in Irvine, California.

9. TRUSTEE CORPS is informed and believes that Defendant Wells Fargo is citizen of South Dakota where its main office is located in Sioux Falls, South Dakota. See, Business Entity Detail for the CA Secretary of State, a copy of which is attached as Exhibit K. A national bank is a citizen of where it is located. 28 U.S.C. §1348. A national bank's location is its main office. Wachovia Bank v. Schmidt, 546 U.S.303, 306, 307 (2006).

10. TRUSTEE CORPS is informed and believes that Defendant Republic Services, Inc. is a Delaware Corporation, whose corporate status is active in the state of Nevada, and whose principal place of business is in Phoenix, Arizona.

11. TRUSTEE CORPS is informed and believes that Defendants, Sandra J. Newton and Sonya D. Newton ( collectively, "Newton") are sham defendants or fraudulently joined defendants. Morris v. Princess Cruises, Inc., 236 F3d 1061, 1067 (9th Cir. 2001). The complaint asserts Plaintiff purportedly acquired the subject real property previously owned by Newton on March 6, 2012. According to Ex A to the Declaration of Kenneth Berberich attached as Exhibit D herein, Newton's subject real property had been purportedly **abandoned** by Newton at the time of the purported sale of the subject real property to Plaintiff. At the time of the filing of the complaint, TRUSTEE CORPS is informed and believes that Newton plainly and obviously is

making no claim or interest in the subject real property. Plaintiff cannot plausibly and factually plead "quiet title" to a non-existent claim by Newton. From a review of the complaint, it is plain and obvious that Plaintiff is seeking to quiet title to the claim of Wells Fargo in terms of the latter's security interest in the subject property.

## AMOUNT IN CONTROVERSY

12. The amount in controversy in this action purportedly exceeds $75,000. In the instant action, Plaintiff seeks in equity to extinguish any claim or interest by any defendant with respect to that real property commonly known as 7912 Limbwood Court, Las Vegas, Nevada c(the "Property") (Complaint, ¶1), which was previously owned by Newton. Newton had a loan note on the Property in the sum of $133,500. See, Ex. 2 [Note] to Ex Parte Application attached hereto as Exhibit E. The amount in controversy is measured for jurisdictional purposes by the amount of damages or *the value of the property that is the subject of the action.* Hunt v. Washington State Apple Advertising Conn'n, (1977) 432 US 333, 347-348, 97 S.Ct. 2434, 2443-2444; Meisel v. Allstate Indem. Co., (E.D. CA 2005) 357 F.Supp.2d 1222, 1225. In actions seeking declaratory relief, like this one, it is well established that the amount in controversy is measured by the value of the object of the litigation. Cohn v Petsmart, 281 F.3d 837, 840 (9th Cir. 2002). Thus, the alleged value of the Property in this litigation purportedly exceeds $75,000, exclusive of costs and interest.

Dated: March 22, 2013

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067

By: /s/ Richard J. Reynolds
Richard J. Reynolds
Attorneys for Plaintiff

Michael Sullivan
Robison, Belastegui, Sharp & Low
71 Washington Street,
Reno, NV 89503

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS