Richard J. Reynolds, Esq.
Nevada Bar No. 11864
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363   Fax: 949.863.3350

Michael E. Sullivan, Esq.
Nevada Bar No. 5142
E-mail: msullivan@rbsllaw.com
ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, NV 89503
Tel: 775.329.3151
Fax: 775.329.7941

Attorneys for Defendant, MTC FINANCIAL INC.
dba TRUSTEE CORPS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| 7912 LIMBWOOD COURT TRUST, a Nevada Trust,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a National Association; MTC FINANCIAL, INC. dba TRUSTEE CORPS, a foreign corporation; REPUBLIC SERVICES, INC., a Foreign Corporation; SANDRA J. NEWTON, individually; SONYA D. NEWTON, individually; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:13cv:00506PMP-GWF<br><br>**ANSWER TO COMPLAINT BY DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS, SUED AS MTC FINANCIAL, INC. dba TRUSTEE CORPS** |

Defendant MTC FINANCIAL INC. dba TRUSTEE CORPS ("Defendant") answers the Complaint for itself alone, as follows:

1. Defendant admits the allegations in paragraph 1

2. Defendant lacks sufficient information and belief in order to respond to the allegations in paragraph 2 and therefore denies same.

3.      Defendant denies the allegations of Paragraph 3.

4.      Defendant lacks sufficient information and belief in which to respond to Paragraph 4, and therefore denies same.

5.      Defendant lacks sufficient information and belief in which to respond to Paragraph 5, and therefore denies same.

6.      Defendant lacks sufficient information and belief in which to respond to Paragraph 6, and therefore denies same.

7.      Answering the allegations of Paragraph 7, the statute speaks for itself, but it is not to be interpreted as Plaintiff seeks to interpret it.

8.      Defendant denies the allegations contained in Paragraph 8 to the extent that it can be interpreted as allowing an HOA to foreclose out non-judicially a first encumbrance.

9.      Defendant lacks sufficient information and belief in which to respond to Paragraph 9, and therefore denies same.

10.    Defendant admits the allegations contained in Paragraph 10.

11.    Defendant admits the allegations contained in Paragraph 11.

12.    Answering the allegations contained in Paragraph 12, the allegations are so vague and unintelligible as being incapable of being responded to and, therefore, they are denied.

13.    Defendants admits the allegations contained in Paragraph 13.

14.    Defendant lacks sufficient information and belief in which to respond to Paragraph 14 and, therefore, denies same.

15.    Defendants admits the allegations contained in Paragraph 15.

16.    Defendant lacks sufficient information and belief in which to respond to Paragraph 16 and, therefore, denies same.

17.    Defendants Defendant lacks sufficient information and belief in which to respond to Paragraph 17 and, therefore, denies same.

18.    Defendant lacks sufficient information and belief in which to respond to Paragraph 18 and, therefore, denies same.

19.    Defendant lacks sufficient information and belief in which to respond to Paragraph

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

1  19 and, therefore, denies same.

2  20. Defendant lacks sufficient information and belief in which to respond to Paragraph
3  20 and, therefore, denies same.

4  21. Answering the allegations contained in Paragraph 21, Defendant incorporates by
5  reference its responses to Paragraphs 1 through 20.

6  22. Defendant admits the allegations contained in Paragraph 22.

7  23. Defendants lacks sufficient information and belief in which to respond to
8  Paragraph 23 and, therefore, denies same.

9  24. Defendant denies the allegations contained in Paragraph 24.

10  25. Defendant lacks sufficient information and belief in which to respond to Paragraph
11  25 and, therefore, denies same. This defendant does not have any security interest, as it is a
12  Trustee.

13  26. Defendant lacks sufficient information and belief in which to respond to Paragraph
14  26 and, that allegation is otherwise unintelligible, and therefore denies same. Further, this
15  Defendant does not have a security interest.

16  27. Defendant denies the allegations contained in Paragraph 27.

17  28. Defendant denies the allegations contained in Paragraph 28.

18  29. Answering the allegations contained in Paragraph 29, Defendant incorporates by
19  reference its responses to the Paragraphs 1 through 28.

20  30. Defendant lacks sufficient information and belief in which to respond to Paragraph
21  30 and, therefore, denies same.

22  31. Defendant denies the allegations contained in Paragraph 31 insofar as the
23  extinguishment of the Deed of Trust, but admits that it itself does not claim an interest in the
24  property.

25  32. Defendant denies the allegations contained in Paragraph 32; the foreclosure sale
26  has already occurred.

27  33. Defendant denies the allegations contained in Paragraph 33.

28  34. Defendant denies the allegations contained in Paragraph 34.

IRV #4841-4572-4947 v1                          - 3 -                    ANSWER TO COMPLAINT BY
                                                                         DEFENDANT MTC FINANCIAL INC.
                                                                         DBA TRUSTEE CORPS

35. Defendant denies the allegations contained in Paragraph 35.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

36. As a first, separate and affirmative defense to the Complaint on file, Defendant alleges that the Complaint, and each and every claim, fails to state a claim against this Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Agent for Disclosure Principle)

37. As a second, separate and affirmative defense to the Complaint on file, Defendant alleges that it was an agent for a disclosed principal, i.e., the lender/beneficiary, and therefore cannot be sued for damages. Further, it is not a necessary party.

## THIRD AFFIRMATIVE DEFENSE

### (Statutory Immunity From Damages)

38. As a third, separate and affirmative defense to the Complaint on file, Defendant alleges that the Nevada Foreclosure Statutes effectively immunize this Defendant, as the only remedy for a "wrongful foreclosure" is to set aside the foreclosure, not to award damages.

## FOURTH AFFIRMATIVE DEFENSE

### (Completed Act)

39. As a fourth, separate and affirmative defense to the Complaint on file, Defendant alleges that injunctive relief is not available, as the foreclosure sale has already taken place.

## FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutionality of Statute; Preemption)

40. As a fifth, separate and affirmative defense to the Complaint on file, Defendant alleges that if one would interpret the Nevada Foreclosure Statutes in the manner sought by the Plaintiff, the statute would be unconstitutional, both as an abrogation of contract and as a taking by the State through the creation of a statute which does not provide due process notice. Further it would create a statutory reprioritizing which can only be done pursuant to the Bankruptcy provisions in the United States Constitution. Thus the field has been preempted.

///

## SIXTH AFFIRMATIVE DEFENSE

### (Misjoinder)

41. As a sixth, separate and affirmative defense to the Complaint on file, Defendant alleges that it has not been properly joined to this Complaint, as it is not a necessary party to this litigation, and should be dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

42. As a seventh, separate and affirmative defense to the Complaint on file, Defendant alleges that Plaintiff lacks standing or capacity to sue. A trust may only sue through its trustee.

WHEREFORE, Defendant prays for judgment as follows:

1. That the Complaint be dismissed;
2. For costs of suit; and
3. For such other and further relief as the Court deems just and proper.

Dated: March 28, 2013

Burke, Williams & Sorensen, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067

By: /s/ Richard J. Reynolds
Richard J. Reynolds
Attorneys for Plaintiff

Michael Sullivan
Robison, Belastegui, Sharp & Low
71 Washington Street,
Reno, NV 89503

Attorneys for Defendant, MTC FINANCIAL INC., dba TRUSTEE CORPS

# CERTIFICATE OF SERVICE

Pursuant to L.R. 5-1, I certify that I am an employee of BURKE, WILLIAMS & SORENSEN, LLP, and that on March 28, 2013, I caused to be served a true copy of the **ANSWER TO COMPLAINT BY DEFENDANT MTC FINANCIAL INC. dba TRUSTEE CORPS, SUED AT MTC FINANCIAL, INC. dba TRUSTEE CORPS** addressed to all parties and counsel as identified on the Court-generated Notice of Electronic Filing; all counsel being registered to receive CM/ECF Electronic Filing as follows:

**Luis A Ayon**
laa@mgalaw.com,eh@mgalaw.com,jrm@mgalaw.com,jag@mgalaw.com,cmb@mgalaw.com

**Chelsea Crowton**
ccrowton@wrightlegal.net,ebaker@wrightlegal.net,amontano@wrightlegal.net

**Richard J. Reynolds**
rreynolds@bwslaw.com,psoeffner@bwslaw.com,dwetters@bwslaw.com,fcabezas@bwslaw.com,dpeters@bwslaw.com

**Michael E Sullivan**
msullivan@rbsllaw.com,mmeier@rbsllaw.com

_/s/ Patti Soeffner_
Patti Soeffner

IRV #4821-9411-2019 v1