UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7912 LIMBWOOD COURT TRUST,           )
                                     )
            Plaintiff,               )        2:13-CV-00506-PMP-GWF
                                     )
    v.                               )
                                     )
WELLS FARGO BANK, N.A.; MTC          )
FINANCIAL INC.; and FEDERAL HOME     )        ORDER
LOAN MORTGAGE CORPORATION,           )
                                     )
            Defendants.              )
_____)

     This case is one of many similar disputes over whether a foreclosure sale conducted by a homeowners' association ("HOA") to collect unpaid HOA assessments extinguishes all junior liens, including a first deed of trust. Presently before the Court are the following motions:

     1. Defendant MTC Financial Inc.'s Motion to Dismiss (Doc. #37), filed on May 23, 2013. Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A. filed a Joinder (Doc. #39) on May 28, 2013. Plaintiff 7912 Limbwood Court Trust did not file a response to this Motion.

     2. Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. #40), filed on May 29, 2013. Defendant MTC Financial

1   Inc. filed a Joinder (Doc. #41) on May 29, 2013.  Plaintiff filed an Opposition (Doc. #43)

2   on June 10, 2013.  Defendants Federal Home Loan Mortgage Corporation and Wells Fargo

3   Bank, N.A. filed a Reply (Doc. #46) on June 24, 2013.  Defendant MTC Financial Inc. filed

4   a Joinder (Doc. #47) on June 25, 2013.

5        3.  Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank,

6   N.A.'s Motion to Expunge Lis Pendens (Doc. #48), filed on June 28, 2013.  Plaintiff filed

7   an Opposition (Doc. #49) on July 15, 2013.  Defendants Federal Home Loan Mortgage

8   Corporation and Wells Fargo Bank, N.A. filed a Reply (Doc. #50) on July 22, 2013.

9   **I.  BACKGROUND**

10       Because the matter is before the Court on motions to dismiss, the following

11  recitation of background facts is taken largely from the Amended Complaint, which the

12  Court takes as true.  Williams v. Gerber Prods. Co., 552 F.3d 934, 937 (9th Cir. 2008).

13  Additionally, the Court takes judicial notice of the fact that certain documents were

14  recorded in the Office of the County Recorder for Clark County, Nevada.  See United States

15  v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

16       The property at issue, located at 7912 Limbwood Court in Las Vegas, Nevada,

17  previously was owned by Sandra and Sonya Newton (the "Newtons").  (Am. Compl. (Doc.

18  #33) at 1; Request for Judicial Notice (Doc. #38), Ex. 1.)  The property was subject to a first

19  deed of trust recorded in 2004 which identified Silver State Mortgage as the lender and

20  Lawyers Title of Nevada as the trustee.  (Request for Judicial Notice (Doc. #38), Ex. 1.)  In

21  2011, Silver State Mortgage assigned the deed of trust to Defendant Wells Fargo Bank,

22  N.A. ("Wells Fargo").  (Am. Compl. at 2-3; Request for Judicial Notice (Doc. #38), Ex. 2.)

23  Defendant MTC Financial Inc. ("MTC") thereafter was substituted as the trustee under the

24  deed of trust.  (Request for Judicial Notice (Doc. #38), Ex. 3.)

25       The property is subject to the 1995 Covenants, Conditions, and Restrictions

26  ("CC&Rs") recorded by the Elkhorn Community Association ("Elkhorn").  (Am. Compl. at

2

3; Request for Judicial Notice (Doc. #12), Ex. P.)  In 2010, Elkhorn initiated an HOA foreclosure sale of the property pursuant to Nevada Revised Statutes § 116.3116, et seq. to recover unpaid HOA assessments.  (Am. Compl. at 2; Request for Judicial Notice (Doc. #12), Exs. G-I.)  According to the Amended Complaint, Elkhorn, through its agent Angius & Terry, LLC, conducted the foreclosure sale in compliance with all statutory notice requirements.  (Am. Compl. at 2-3.)  The sale was conducted on March 6, 2012, at which Plaintiff purchased the property.  (Id. at 2; Request for Judicial Notice (Doc. #12), Exs. H-J.)  The HOA foreclosure deed was recorded with the Clark County Recorder on March 16, 2012.  (Am. Compl. at 2; Request for Judicial Notice (Doc. #12), Ex. J.)

On October 5, 2012, Wells Fargo and MTC recorded a notice of default and election to sell based on the Newtons' deed of trust.  (Request for Judicial Notice (Doc. #38), Ex. 4.)  The sale was set for March 8, 2013.  (Request for Judicial Notice (Doc. #38), Ex. 5.)

Plaintiff brought suit in Nevada state court on March 5, 2013, against Wells Fargo, MTC, Republic Services, and the Newtons to quiet title in the property.  (Pet. for Removal (Doc. #1), Ex. A.)  Plaintiff moved for a temporary restraining order and preliminary injunction seeking to enjoin Wells Fargo's foreclosure sale.  (Pet. for Removal, Ex. E.)  The state court set a hearing for March 12, 2013.  (Pet. for Removal, Ex. F.)  However, Wells Fargo and MTC sold the property on March 8, 2013, to Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac").  (Id.; Am. Compl. at 3; Request for Judicial Notice (Doc. #38), Exs. 6-7.)  The state court set a hearing for April 2, 2013, for Defendants to show cause why the sale should not be set aside.  (Pet. for Removal, Ex. F.)  Prior to the April 2 hearing, MTC removed the action to this Court.  (Pet. for Removal.)

This Court set a hearing on Plaintiff's Motion for Preliminary Injunction and the Nevada state court's order to show cause why the sale should not be set aside.  (Order (Doc. #18).)  At the hearing, the Court denied Plaintiff's motion for injunctive relief without

3

1   prejudice for Plaintiff to file an Amended Complaint.  (Mins. of Proceedings (Doc. #30).)

2   Plaintiff filed an Amended Complaint against Wells Fargo, MTC, and Freddie Mac,

3   asserting claims for wrongful foreclosure and to quiet title in the property.  (Am. Compl.)

4          Defendant MTC now moves to dismiss, arguing MTC claims no interest in the

5   property, and therefore it is not a proper defendant in a quiet title action.  Additionally,

6   MTC contends Plaintiff's wrongful foreclosure claim against MTC should be dismissed

7   because MTC owes no common law duty to Plaintiff, MTC was an agent acting for a

8   disclosed principal, and a wrongful foreclosure claim lies only as between trustors and

9   mortgagors.

10          Defendants Wells Fargo and Freddie Mac join in MTC's Motion and also

11   separately move to dismiss.  Wells Fargo and Freddie Mac argue Wells Fargo's lien is

12   superior to Elkhorn's HOA lien, and therefore it was not extinguished by the HOA

13   foreclosure sale.  Wells Fargo and Freddie Mac contend that under the Nevada statutory

14   scheme, foreclosure on the HOA's lien does not extinguish the first deed of trust.  Rather,

15   the HOA's lien is a payment priority lien only, and the first deed of trust continues to

16   encumber the property after foreclosure of the HOA lien.  Wells Fargo and Freddie Mac

17   contend that Plaintiff thus purchased merely a possessory interest in the property subject to

18   the first deed of trust.  Wells Fargo and Freddie Mac contend it would violate their due

19   process rights to allow a later-recorded HOA assessment lien to extinguish the deed of trust

20   lien recorded several years earlier.  Wells Fargo and Freddie Mac also contend that

21   Elkhorn's CC&Rs preserve the first deed of trust's priority over HOA liens.  Defendants

22   therefore also move to expunge the Notice of Lis Pendens that Plaintiff recorded on the

23   property.

24          Plaintiff responds that Nevada's statutory scheme provides the HOA with a lien

25   for nine months' worth of HOA assessments which is superior to the first deed of trust,

26   referred to as the "super priority lien."  According to Plaintiff, if the HOA forecloses on the

1  super priority lien, all junior liens, including the first deed of trust, are extinguished.

2  Plaintiff further contends an HOA cannot waive its super priority lien through the CC&Rs.

3  Plaintiff also argues Defendants received the statutory notice required, and all lenders were

4  on notice of the possibility of a super priority lien extinguishing a first deed of trust upon

5  enactment of the super priority statutory scheme in 1991.  Plaintiff contends Defendants

6  could have preserved the security interest by complying with the statutory requirements to

7  receive notice and by paying off the HOA super priority lien, but they sat on their rights and

8  cannot be heard to complain now.

9  **II. DISCUSSION**

10         In considering a motion to dismiss, "all well-pleaded allegations of material fact

11  are taken as true and construed in a light most favorable to the non-moving party."  Wyler

12  Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998).  However,

13  the Court does not necessarily assume the truth of legal conclusions merely because they are

14  cast in the form of factual allegations in the plaintiff's complaint.  See Clegg v. Cult

15  Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a strong presumption

16  against dismissing an action for failure to state a claim.  Ileto v. Glock Inc., 349 F.3d 1191,

17  1200 (9th Cir. 2003).  A plaintiff must make sufficient factual allegations to establish a

18  plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550 U.S. 544, 556 (2007).

19  Such allegations must amount to "more than labels and conclusions, [or] a formulaic

20  recitation of the elements of a cause of action."  Id. at 555.

21         **A.  MTC's Motion to Dismiss**

22         Under Nevada law, "[a]n action may be brought by any person against another

23  who claims an estate or interest in real property, adverse to the person bringing the action,

24  for the purpose of determining such adverse claim."  Nev. Rev. Stat. § 40.010.  Because the

25  Amended Complaint does not allege MTC claims an interest in the property, and MTC

26  disclaims any interest in the property, the Court will dismiss Plaintiff's quiet title claim as

against Defendant MTC.

As to the wrongful foreclosure claim against MTC, a trustee under a deed of trust owes no duties beyond those imposed by the deed of trust and applicable foreclosure statutes.  Harlow v. MTC Fin. Inc., 865 F. Supp. 2d 1095, 1100 (D. Nev. 2012).  Plaintiff has not alleged MTC breached the deed of trust or any requirement imposed by the foreclosure statutes.  Rather, Plaintiff asserts a common law wrongful foreclosure claim.  See Collins v. Union Fed. Sav. & Loan, 662 P.2d 610, 623 (Nev. 1983).  The Court therefore will dismiss Plaintiff's wrongful foreclosure claim against MTC.

Defendants Wells Fargo and Freddie Mac filed a conclusory Joinder which did not explain how MTC's arguments applied to them.  The Court therefore will deny Defendants Well Fargo and Freddie Mac's Joinder in MTC's Motion.

**B. Wells Fargo and Freddie Mac's Motion to Dismiss**

The parties dispute the effect of the HOA foreclosure sale on the first deed of trust.  The parties also dispute whether Wells Fargo's due process rights would be violated by allowing foreclosure of the HOA lien to extinguish Wells Fargo's security interest based on the first deed of trust.  Finally, the parties dispute whether the Elkhorn CC&Rs provide that the HOA lien is subordinate to the first deed of trust.

1.  Priority

Wells Fargo and Freddie Mac contend the HOA super priority lien gives the HOA priority in payment only, and foreclosure on the HOA super priority lien does not extinguish Wells Fargo's security interest based on the first deed of trust.  Plaintiff, on the other hand, contends foreclosure on the super priority lien extinguishes all junior liens, including the first deed of trust.

The Nevada Supreme Court has not addressed the statutory provisions at issue to determine whether a foreclosure sale on an HOA super priority lien extinguishes all junior liens, including a first deed of trust.  "Where the state's highest court has not decided an

issue, the task of the federal courts is to predict how the state high court would resolve it." Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted). "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions." Id. (quotation omitted).

This Court looks to Nevada rules of statutory construction to determine the meaning of a Nevada statute. In re First T.D. & Inv., Inc., 253 F.3d 520, 527 (9th Cir. 2001). Under Nevada law, a court should construe a statute to give effect to the legislature's intent. Richardson Constr., Inc. v. Clark Cnty. Sch. Dist., 156 P.3d 21, 23 (Nev. 2007). If the statute's plain language is unambiguous, that language controls. Id. If the statute's language is ambiguous, the Court "must examine the statute in the context of the entire statutory scheme, reason, and public policy to effect a construction that reflects the Legislature's intent." Id.

Chapter 116 of the Nevada Revised Statutes, enacted in 1991, codifies the Uniform Common-Interest Ownership Act and sets forth the statutory framework for common interest communities such as HOAs. Nev. Rev. Stat. § 116.001; A.B. 221, Summary of Legislation, 66th Leg. (Nev. 1991). Section 116.3116(1) provides for a lien in an HOA's favor "for any construction penalty that is imposed against the unit's owner pursuant to NRS 116.310305, any assessment levied against that unit or any fines imposed against the unit's owner from the time the construction penalty, assessment or fine becomes due." Additionally, unless the HOA's declaration provides otherwise, "any penalties, fees, charges, late charges, fines and interest charged pursuant to [§ 116.3102(1)(j)-(n)] are enforceable as assessments under this section." Nev. Rev. Stat. § 116.3116(1); see also id. § 116.3102(1)(j)-(n) (providing for charges for such items as late payment penalties, rental fees for common elements, and fines).

///

The key provision in dispute between the parties is § 116.3116(2), which sets forth the priority of the HOA lien with respect to other liens on the property.  Pursuant to § 116.3116(2), the HOA lien is prior to all other liens on the property except:

> (a) Liens and encumbrances recorded before the recordation of the declaration[1] and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . . ; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

Although § 116.3116(2)(b) makes a first deed of trust superior to an HOA lien, the last paragraph of § 116.3116(2) gives what the parties refer to as "super priority" status to a portion of the HOA's lien which is superior to the first deed of trust:

> The lien is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312[2] and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. . . .  This subsection does not affect the priority of mechanics' or materialmens' liens, or the priority of liens for other assessments made by the association.

Id. § 116.3116(2).  Recording the HOA's declaration "constitutes record notice and perfection of the lien.  No further recordation of any claim of lien for assessment under this section is required."  Id. § 116.3116(4).

///

----

1 The declaration is "any instrument[], however denominated, that create[s] a common-interest community, including any amendments to th[at] instrument[]."  Nev. Rev. Stat. § 116.037.

2 Allowing for the HOA's executive board to enter a unit to conduct maintenance or remove or abate a nuisance, and permitting the imposition of fees and costs for any such activity.

The HOA may pursue a civil suit to recover unpaid assessments directly from the unit owner, or it may foreclose on a lien created under § 116.3116. Id. §§ 116.3116(6), (10), 116.31162. To conduct a foreclosure sale on its lien, the HOA must comply with certain notice requirements. First, the HOA must notify the owner of the delinquent assessments. Id. § 116.31162(1)(a). If the owner does not pay within 30 days, the HOA must record a notice of default and election to sell. Id. § 116.31162(1)(b). In addition to recording the notice of default, the HOA must mail it to "[a]ny holder of a recorded security interest encumbering the unit's owner's interest who has notified the association, 30 days before the recordation of the notice of default, of the existence of the security interest." Id. § 116.31163(2). If the unit owner has not paid the lien amount within 90 days of the notice of default being recorded, the HOA then must give notice of the sale to the owner and to the known holder of a security interest if the security interest holder "has notified the association, before the mailing of the notice of sale, of the existence of the security interest." Id. §116.311635(b)(2); see also id. § 116.61162(1)(c).

At the sale, the HOA must sell to the highest bidder, and the HOA may credit bid on the property "up to the amount of the unpaid assessments and any permitted costs, fees and expenses incident to the enforcement of its lien." Id. § 116.31164(2). After the sale, the seller must execute and deliver to the buyer "a deed without warranty which conveys to the grantee all title of the unit's owner to the unit." Id. §§ 116.31164(3)(a), 116.31166(3). The seller must apply the proceeds of the sale in the following order:

> (1) The reasonable expenses of sale;
> (2) The reasonable expenses of securing possession before sale, holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association;
> (3) Satisfaction of the association's lien;
> (4) Satisfaction in the order of priority of any subordinate claim of record; and
> (5) Remittance of any excess to the unit's owner.

Id. § 116.31164(3)(c).  "The sale of a unit pursuant to NRS 116.31162, 116.31163 and 116.31164 vests in the purchaser the title of the unit's owner without equity or right of redemption."  Id. § 116.31166(3).  A deed which recites there was a default, the proper notices were given, the appropriate amount of time has lapsed between notice of default and sale, and notice of the sale was given, "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons."  Id. § 116.31166(2).  Upon payment, the purchaser is "discharge[d] from obligation to see to the proper application of the purchase money."  Id.

Section 116.3116(2) effectively separates the HOA's lien into two separate liens. The last paragraph of subsection 2, which generally consists of the last nine months of unpaid assessments and any unpaid nuisance abatement costs, constitutes the super priority portion of the HOA's lien.  It provides that the super priority portion of the HOA's lien is prior to the first deed of trust.  The rest of the HOA's lien, consisting of any charges not contained within the super priority lien, including any assessments unpaid for more than nine months, is junior to the first deed of trust under § 116.3116(2)(b).  The parties agree the statute operates in this fashion, but disagree about the legal effect of the HOA's foreclosure on the super priority lien.

Nevada's statutory scheme is clear.  Section 116.3116(2) unambiguously provides that the HOA super priority lien is prior to the first deed of trust.  The statutory scheme also unambiguously provides for the HOA to resort to non-judicial foreclosure procedures to enforce its lien.  The statute sets forth the order of priority by which the foreclosure sale proceeds must be distributed, and the association's lien must be satisfied before any other subordinate claim of record.  The purchaser at an HOA foreclosure sale obtains the unit owner's title without equity or right of redemption, and a deed which contains the proper recitals "is conclusive against the unit's former owner, his or her heirs and assigns, and all other persons."  Id. § 116.31166(2).  Compare Nev. Rev. Stat.

§ 107.080 (providing that a mortgage foreclosure sale "vests in the purchaser the title of the grantor and any successors in interest without equity or right of redemption"); <u>Bryant v. Carson River Lumbering Co.</u>, 3 Nev. 313, 317-18 (1867) (providing that such a sale vests absolute title in the purchaser).  Consequently, a foreclosure sale on the HOA super priority lien extinguishes all junior interests, including the first deed of trust.

Even if these statutory provisions do not explicitly provide that foreclosure of the HOA super priority lien extinguishes the first deed of trust, § 116.1108 provides that general principles of law and equity "supplement the provisions of this chapter, except to the extent inconsistent with this chapter."  Under settled foreclosure principles, foreclosure of a superior lien extinguishes junior security interests.  <u>Aladdin Heating Corp. v. Trustees of Central States</u>, 563 P.2d 82, 86 (Nev. 1977); <u>Erickson Constr. Co. v. Nev. Nat'l Bank</u>, 513 P.2d 1236, 1238 (Nev. 1973).  If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest.  <u>See</u> <u>Carrillo v. Valley Bank of Nev.</u>, 734 P.2d 724, 725 (Nev. 1987); <u>Keever v. Nicholas Beers Co.</u>, 611 P.2d 1079, 1083 (Nev. 1980).

Nothing in the statute suggests that anything other than normal foreclosure principles apply to an HOA foreclosure sale, nor is it inconsistent with Chapter 116 to apply the usual principle that foreclosure of a senior interest extinguishes junior interests.  Rather, this result is consistent with the statutory purpose of the super priority lien to "ensure prompt and efficient enforcement of the association's lien for unpaid assessments."  Uniform Common Interest Ownership Act § 3-116, cmt. 1 (1982); <u>see also</u> Nev. Rev. Stat. § 116.1109(2) ("This chapter must be applied and construed so as to effectuate its general purpose to make uniform the law with respect to the subject of this chapter among state enacting it.").  Moreover, the Nevada Legislature presumably was aware of the normal operation of foreclosure law when it enacted Chapter 116 in 1991.  If the Legislature intended a different rule to apply to an HOA foreclosure sale, it could have said so.

While Nevada state trial courts and decisions from the United States District Court for the District of Nevada are divided on the question,[3] other guidance from Nevada confirms the Court's conclusion about the statutory meaning.  The Nevada Real Estate Division of the Department of Business and Industry and the Commission for Common Interest Communities and Condominium Hotels ("Real Estate Division") is the entity charged with interpreting Chapter 116.  State, Dep't of Bus. & Indus., Fin. Insts. Div. v. Nev. Ass'n Servs., Inc., 294 P.3d 1223, 1227-28 (Nev. 2012); see also Nev. Rev. Stat. §§ 116.043, 116.615, 116.623.  The Nevada Supreme Court therefore would defer to the Real Estate Division's interpretation so long as that interpretation is within the statute's language.  Dutchess Bus. Servs., Inc. v. Nev. State Bd. of Pharmacy, 191 P.3d 1159, 1165 (Nev. 2008); Folio v. Briggs, 656 P.2d 842, 844 (Nev. 1983) (stating the Nevada Supreme Court "attach[es] substantial weight" to the interpretation of a state agency "clothed with the power to construe the statutes under which it operates").  The Real Estate Division has interpreted the statute to mean that foreclosure on the HOA super priority lien results in extinguishment of all junior liens, including the first deed of trust.

In a December 2012 advisory opinion, the Real Estate Division addressed three questions:  (1) whether, pursuant to § 116.3116, the HOA's super priority lien included collection costs; (2) whether the super priority lien can exceed nine times the monthly assessment plus charges; and (3) whether the HOA must institute a civil action for the super priority lien to exist.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. #43), Ex. 1.)  The Real Estate Division answered the first question by concluding the super priority lien does not include collection costs because the statute specifically states what constitutes the super priority lien.  (Id. at 1, 3-7.)  As to the second question, the Real Estate Division concluded

---

[3] (See, e.g, Pet. for Removal, Ex. H, Attach. M; Request for Judicial Notice (Doc. #12), Exs. L-O, Q; Defs.' Mot. to Dismiss (Doc. #40), Exs. C-F; Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. #43), Ex. 9.)

the super priority lien consists only of unpaid assessments and certain charges specifically identified in § 116.310312.  (Id. at 2, 10-17.)  As to the third question, the Real Estate Division asserted the HOA must take action to enforce its super priority lien, but it need not institute a civil lawsuit.  (Id. at 2, 17-18.)  Rather, the HOA could institute a non-judicial foreclosure under § 116.31162 or pursue other remedies.  (Id.)

In reaching these conclusions, the Real Estate Division examined the priority of the HOA lien under § 116.3116(2).  (Id. at 8-9.)  The Real Estate Division sought to give guidance to HOAs on this point because "[u]nderstanding the priority of the lien is an important consideration for any board of directors looking to enforce the lien through foreclosure or to preserve the lien in the event of foreclosure by a first security interest."  (Id. at 8.)

According to the Real Estate Division, the "ramifications of the super priority lien are significant in light of the fact that superior liens, when foreclosed, remove all junior liens.  An association can foreclose its super priority lien and the first security interest holder will either pay the super priority lien amount or lose its security."  (Id. at 9.)  The Real Estate Division suggested it was "likely that the holder of the first security interest will pay the super priority lien amount to avoid foreclosure by the association."  (Id.); see also Uniform Common Interest Ownership Act § 3-116, cmt. 1 (1982) ("As a practical matter, secured lenders will most likely pay the 6 months' assessments demanded by the association rather than having the association foreclose on the unit.").  In its conclusion, the Real Estate Division stated that the "association can use the super priority lien to force the first security interest holder to pay that amount."  (Pl.'s Opp'n to Defs.' Mot. to Dismiss, Ex. 1 at 19.) The HOA retains a junior lien for other charges and penalties, and thus if the first security interest holder pays off the super priority lien, the first deed of trust lienholder still may foreclose and the HOA's junior lien for items not included in the super priority lien may be extinguished by that foreclosure.  (Id.)  Thus, contrary to Defendants' argument that

13

§ 116.3116(2)(b) would be rendered meaningless by this construction of the statute, § 116.3116(2)(b) establishes that the first deed of trust takes priority over that portion of an HOA lien which does not comprise the super priority lien, including any unpaid assessments beyond the nine months of unpaid assessments comprising the super priority lien.

The State of Nevada Legislative Counsel Bureau reached the same conclusion in a December 2012 advisory letter.  (Pl.' Opp'n to Defs.' Mot. to Dismiss, Ex. 4.)  The Legislative Counsel Bureau concluded the statute unambiguously provides that "the ownership interest of a purchaser who obtains title through a deed properly containing the [statutory recitals in § 116.31164] is not subject to any claim made by the holder of a security interest who forecloses on an obligation after the purchase is made pursuant to NRS 116.31164."  (Id. at 3.)  The Legislative Counsel Bureau concluded that "no part of an ownership interest vested in the purchaser may be extinguished by a foreclosure on a security interest to which the previous owner was obligated that occurs after the purchaser obtains title to the property under NRS 116.31161."  (Id. at 4.)

The Court rejects Defendants' argument that it would be inequitable to allow foreclosure of an HOA lien of relatively little value to extinguish a first deed of trust of considerable value.  The Court must apply the plain and unambiguous statutory language.  Moreover, statutory principles of priority, not the monetary value of the respective liens, control.  Under the unambiguous statutory language, the HOA super priority lien is prior to the first deed of trust, and consequently foreclosure on the HOA super priority lien extinguishes all junior security interests, including the first deed of trust.

Moreover, the result in this case is neither novel nor unfair.  Wells Fargo easily could have avoided this purportedly inequitable consequence by paying off the HOA super priority lien amount to obtain the priority position thereby avoiding extinguishment of its junior interest.  Additionally, Wells Fargo could have required an escrow for HOA

assessments so that in the event of default, Wells Fargo could have satisfied the super priority lien amount without having to expend any of its own funds.  <u>See</u> Uniform Common Interest Ownership Act § 3-116, cmt. 1 (1982).

Finally, the HOA foreclosure sale extinguished only Wells Fargo's security interest in the property, not the underlying debt.  <u>Olson v. Iacometti</u>, 533 P.2d 1360, 1363 (Nev. 1975) ("Foreclosure of the first trust deed extinguished only the security for the Olson-Iacometti note, not the indebtedness represented by that note.")  Wells Fargo still can pursue the Newtons for the unpaid balance.  The Court therefore will deny Defendants' Motion to Dismiss on the basis that the HOA foreclosure sale did not extinguish Wells Fargo's security interest based on the first deed of trust.

### 2.  Due Process

Wells Fargo and Freddie Mac argue that allowing a foreclosure sale based on a later-recorded notice of delinquent HOA assessments to extinguish the previously recorded first deed of trust violates their due process rights because Nevada is a race-notice state. Plaintiff responds that Defendants had adequate notice of the super priority lien based on the super priority statute's enactment in 1991, the 1995 Elkhorn CC&Rs, and the notice procedures in the statute.

"Nevada is a race notice state."  <u>Buhecker v. R.B. Petersen & Sons Constr. Co.</u>, 929 P.2d 937, 939 (Nev. 1996) (citing Nev. Rev. Stat. §§ 111.320, 111.325).  Recorded security interests therefore "impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice." Nev. Rev. Stat. § 111.320.

Under usual race notice rules, Wells Fargo's lien would be superior to the HOA delinquency notice because the first deed of trust was recorded in 2004, and the HOA did not record a notice of default on the assessments until 2010.  However, Chapter 116 provides that an HOA perfects its lien by recording the declaration, which provides notice

to any future first deed of trust holder of the potential that, under the statute, a super priority lien may take priority over the first deed of trust, even if the notice of default on the assessments is recorded after the first deed of trust.  Id. § 116.3116(4).  Chapter 116 was enacted in 1991, and thus Wells Fargo was on notice that by operation of the statute, the 1995 Elkhorn CC&Rs might entitle the HOA to a super priority lien at some future date which would take priority over a first deed of trust recorded in 2004.  Consequently, the conclusion that foreclosure on an HOA super priority lien extinguishes all junior liens, including a first deed of trust recorded prior to a notice of delinquent assessments, does not violate Wells Fargo's due process rights.  Freddie Mac purchased the property after the HOA recorded the notice of default and conducted the HOA foreclosure sale.  Freddie Mac therefore took the property with notice of the HOA foreclosure sale.

To the extent Wells Fargo contends Elkhorn failed to provide the required notice as a factual matter, the Amended Complaint alleges Elkhorn provided all statutorily required notices.  (Am. Compl. at 2.)  The Court must accept that allegation as true at this stage of the proceedings.  In their Reply, Defendants assert that the statute violates due process because the statutory notice provisions do not necessarily require notice to the first deed of trust holder.  The Court will not consider this issue raised for the first time in a reply brief.  Carstarphen v. Milsner, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009).  The Court therefore will deny Defendants' Motion to Dismiss on the basis that Defendants' due process rights are violated by operation of the statute.

### 3.  CC&Rs

Defendants argue the Elkhorn CC&Rs provide that first deeds of trust are superior to Elkhorn's HOA liens.  Plaintiff responds that the statute prohibits waiver of Chapter 116's provisions.

///

///

16

Sections 6.16 and 6.17 of the Elkhorn CC&Rs provide as follows:

**Section 6.16.  Mortgages Protection.**
Notwithstanding all other provisions hereof, no lien created under this Article VI, nor the enforcement of any provision of this Master Declaration shall defeat or render invalid the rights of the Beneficiary under any Recorded First Deed of Trust encumbering a Lot or Condominium, made in good faith and for value; provided that after such Beneficiary or some other Person obtains title to such Lot or Condominium by a judicial foreclosure or exercise of power of sale, such Lot or Condominium shall remain subject to this Master Declaration and the payment of all installments of assessments accruing subsequent to the date such Beneficiary or Person obtains title.  The lien of the assessments, including interest and costs, shall be subordinate to the lien of any previously recorded First Mortgage upon the Lot or Condominium except as may be otherwise required in accordance with NRS Section 116.3116, as amended.  The release or discharge of any lien for unpaid assessments by reason of the foreclosure or exercise of power of sale by the First Mortgage shall not relieve the prior Owner of his personal obligation for the payment of such unpaid assessments.
**Section 6.17.  Priority of Assessment Lien.**
The lien of the assessments, including interest and costs (including attorneys' fees) as provided for herein, shall be subordinate to the lien of any previously Recorded First Mortgage upon any Lot or Condominium.  The sale or transfer of any Single Family Residential Lot or Condominium shall not affect an assessment lien.  However, the sale or transfer of any Single Family Residential Lot or Condominium pursuant to judicial or nonjudicial foreclosure of a previously Recorded First Mortgage shall extinguish the lien of such assessment as to payments which became due prior to such sale or transfer except as set forth in NRS Section 116.3116.

(Request for Judicial Notice (Doc. #12), Ex. P.)  By the CC&Rs' plain language, in both sections 6.16 and 6.17 Elkhorn preserved its statutory super priority lien rights by reference to § 116.3116, which is the statutory section setting forth the relative priority of the HOA's super priority and junior liens in relation to a first deed of trust.  Chapter 116 provides that its requirements "may not be varied by agreement, and rights conferred by it may not be waived," except as "expressly provided in this chapter."  Nev. Rev. Stat. § 116.1104.  Nothing in § 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien.  Accordingly, the Court will deny Defendants' Motion to Dismiss on this basis.

### C.  Motion to Expunge Lis Pendens

Defendants' Motion to Expunge is based on the same arguments as presented in the Motion to Dismiss.  Because the Court will deny Wells Fargo and Freddie Mac's Motion to Dismiss, the Court also will deny the Motion to Expunge.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant MTC Financial Inc.'s Motion to Dismiss (Doc. #37) is hereby GRANTED.  Judgment is hereby entered in favor of Defendant MTC Financial Inc. and against Plaintiff 7912 Limbwood Court Trust.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A.'s Joinder (Doc. #39) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. #40) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens (Doc. #48) is hereby DENIED.

DATED: October 28, 2013

_____
PHILIP M. PRO
United States District Judge