**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| 7912 LIMBWOOD COURT TRUST, | Case No. 2:13-cv-00506-APG-GWF |
| Plaintiff, | |
| v. | **ORDER ON SUMMARY JUDGMENT MOTIONS** |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | (DKT. NOS. 96, 112, 113) |

This case is one of many in Nevada focusing on the effects of a foreclosure sale conducted by a homeowners' association ("HOA"). Before me are the parties' cross-motions for summary judgment on the plaintiff's claims for wrongful foreclosure and to quiet title. I previously ordered the parties to file supplemental briefs discussing whether the trustee's deed following the HOA's foreclosure sale validly conveyed title to the plaintiff. (Dkt. #130.)

The sale conducted by the HOA's agent did not convey superior title to the plaintiff. I therefore enter summary judgment in favor of the defendants.

**I. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden

then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence, and make reasonable inferences, in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, any person may bring a claim against others who claim an estate or interest in real property "for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  In an action under § 40.010 to quiet title to real property, "each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (en banc) (quotation omitted).

I set forth the relevant facts in full in a prior order, so I will not repeat them here except where necessary. (Dkt. #130.)  The plaintiff claims title through the foreclosure sale conducted by the HOA and the resulting trustee's deed upon sale (the "2012 deed").  According to the plaintiff, the HOA foreclosed on its super-priority lien, thereby extinguishing the first deed of trust.  The plaintiff therefore contends the 2012 deed conveyed superior title to it.  The defendants respond that the HOA foreclosed on only the non-priority portion of its lien and therefore the 2012 deed did not convey superior title to the plaintiff.  The parties dispute whether an HOA can split its lien into super-priority and sub-priority portions and foreclose on only one portion of the lien.

Nevada's HOA foreclosure statutory scheme, set forth in Nevada Revised Statutes § 116.3116 *et seq.*, does not expressly permit an HOA to separately foreclose on only the super- or sub-priority portion of its lien, but it also does not expressly prohibit it.  The Supreme Court of Nevada has not directly addressed this question.  That Court described the HOA foreclosure statutory scheme as follows:

> As to first deeds of trust, NRS 116.3116(2) . . . splits an HOA lien into two pieces, a superpriority piece and a subpriority piece.  The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges, is "prior to" a first deed of trust.  The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

1  *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014) (en banc).  The *SFR* Court
2  was not confronted with the question of whether an HOA could split its lien and non-judicially
3  foreclose on one piece independent of the other.  It is thus unclear from this language whether the
4  HOA has a single lien that is split into two pieces for the limited purposes of payment and
5  determining priority with respect to the first deed of trust, or whether the statute splits the lien
6  into two separately enforceable pieces.[1]

7  The common law offers little help resolving the question because "the split-lien approach
8  represents a 'significant departure from existing practice.'"  *Id.* at 412 (quoting Uniform Common
9  Interest Ownership Act of 1982, § 3-116, cmt. 1; Uniform Common Interest Ownership Act of
10 1994 & 2008, § 3-116 cmt. 2).  Instead, the split lien is a "specially devised mechanism designed
11 to strike an equitable balance between the need to enforce collection of unpaid assessments and
12 the obvious necessity for protecting the priority of the security interests of lenders." *Id.* (quotation
13 omitted).

14 Other interpretive sources provide limited guidance.  The Nevada Real Estate Division of
15 the Department of Business and Industry ("NRED") is charged with administering Chapter 116.
16 *Id.* at 416-17.  The NRED issued an advisory opinion in 2012 that suggests an HOA can
17 separately enforce its super- and sub-priority liens.  In giving advice to HOAs on how best to
18 protect their rights, the NRED suggested the following:

> Perhaps an effective approach for an association is to start with foreclosure of the assessment lien after a nine month assessment delinquency or sooner if the association receives a foreclosure notice from the first security interest holder. The association will always want to enforce its lien for assessments to trigger the super priority lien.  This can be accomplished by starting the foreclosure process. The association can use the super priority lien to force the first security interest holder to pay that amount.  The association should incur only the expense it believes is necessary to receive payment of assessments.  If the first security interest holder does not foreclose, the association will maintain its assessment lien consisting of assessments, late charges, and interest.

---

[1] The statutes sometimes refers to "a" or "the" lien, suggesting the HOA has a single lien. *See* Nev. Rev. Stat. § 116.3116(1)-(2).  But the last sentence of § 116.3116(2) states that this "subsection does not affect . . . the priority of liens for other assessments made by the association."  The plural "liens for other assessments" suggests the HOA may have more than one lien and that those may be liens of differing priority.

Page 3 of 8

1   State of Nev., Dep't of Business & Industry, Real Estate Div., Advisory Op. 13-01 at 19 (Dec. 12,
2   2012). But the NRED did not directly address the question of whether an HOA can split its lien
3   and non-judicially foreclose on only the sub-priority portion.
4       I need not resolve this question because the plaintiff in this case cannot meet its burden of
5   showing it has superior title either way. If an HOA can split its lien, it did so here. If it cannot,
6   then the sale is void, as explained below.

**A.  If the HOA Can Split Its Lien**

If an HOA can split its lien, it did so here, and there is no genuine issue of material fact about that. The HOA's agent, A&T, directed that the following announcement be made at the auction prior to the sale:

> You are hereby being notified by the Association, the beneficiary, through its foreclosure agent, that the opening bid does not include the super-priority lien amount. That the super-priority lien amount will still be a lien on the property once the sale is completed. You are hereby being notified by the Association, the beneficiary, through its foreclosure agent, that said lien may affect the property, title to the property or value of the property. The purchaser buys this property with full knowledge and understanding of the same.

(Dkt. #111-14.) The 2012 deed confirms that the HOA intended to foreclose on only the sub-priority portion of its lien because the deed expressly states that it conveyed only "that portion of [the HOA's] right, title and interest secured by the sub-priority portion of its lien" on the property. (Dkt. #111-10.)

There is no genuine issue of material fact that the 2012 deed accurately reflects the parties' intended transaction. The parties' intent "must determine the nature and extent of the estate conveyed," and "that intent can be ascertained only from the language of the deed[]" itself. *City Motel, Inc. v. State ex rel. State Dep't of Highways*, 336 P.2d 375, 377 (Nev. 1959). Here, the pre-auction announcement and the 2012 deed demonstrate that the HOA did not intend to convey the property free and clear of the HOA's super-priority lien. Instead, the HOA intended to foreclose on its sub-priority lien with the property still being subject to the super-priority lien. Given the pre-auction announcement, the plaintiff took with notice that the property was still subject to the super-priority lien and thus the first deed of trust was not extinguished.

Even if the deed were ambiguous about whether the HOA had foreclosed on its super-priority lien, the announcement made before the sale parallels the language in the 2012 deed and thus confirms the deed accurately reflects the parties' intended transaction. *See Lowden Inv. Co. v. Gen. Elec. Credit Co.*, 741 P.2d 806, 809 (Nev. 1987) (stating that parol evidence "is not admissible to vary or contradict the terms of a written agreement" but "is admissible in order to resolve ambiguities in a written instrument"); *Kartheiser v. Hawkins*, 645 P.2d 967, 968 (Nev. 1982) (stating the parties' intentions "are determined from all the circumstances surrounding the transaction"). Although the plaintiff points to the notices that A&T recorded before the sale indicating that the HOA was foreclosing on its super-priority lien, the terms of the auction were changed before bidding commenced. *See* Restatement (Second) of Contracts § 28(2) ("Unless a contrary intention is manifested, bids at an auction embody terms made known by advertisement, posting or other publication of which bidders are or should be aware, as modified by any announcement made by the auctioneer when the goods are put up."). The plaintiff cites no law for the proposition that the terms of sale could not be altered prior to the auction commencing. The plaintiff was on notice of the terms of the sale before it placed a bid. It could have decided not to bid in light of the announcement.

For similar reasons, there is no basis to reform the deed. Under Nevada law, courts "have the power to order the reformation of deeds, contracts, and other instruments, when, through mistake of the parties thereto, or through the fraud of one of the parties, or unconscionable conduct amounting to fraud, such instrument does not contain the real terms of the contract between them." *Wainwright v. Dunseath*, 211 P. 1104, 1106 (Nev. 1923). Here, there is no genuine issue of material fact that the deed is consistent with the terms of sale announced at the auction prior to any bidding. The plaintiff has never sought to reform the deed.

Consequently, if the HOA can split its lien, no genuine issue of material fact remains that it do so here. Because the HOA foreclosed on only its sub-priority lien, the plaintiff cannot meet its burden of showing it has title superior to the defendants.

/ / / /

**B. If the HOA Cannot Split its Lien**

The plaintiff nevertheless contends that regardless of the parties' intent or the deed's language, the HOA cannot split its lien so it must have foreclosed on its super-priority lien by operation of law. The plaintiff is requesting a result the parties to the transaction did not intend while also seeking the benefit of a statutory scheme with which the HOA did not comply. For the reasons set forth below, I predict[2] the Supreme Court of Nevada would hold the HOA did not foreclose on its super-priority lien and did not convey superior title to the plaintiff under the circumstances of this case.

If an HOA cannot split its lien as a matter of Nevada law, then the HOA here attempted to do something not allowed by law. It purported to impose a condition on the foreclosure sale and resulting deed that it had no right or power to require, *i.e.*, that the property would still be subject to the super-priority lien after the foreclosure sale. The sale would also be considered defective because the HOA inaccurately described what interest it was foreclosing on and what bidders would be purchasing. Therefore, if the HOA cannot split its lien as a matter of law, then the sale is void. *See, e.g.*, *Nevada Land & Mortg. Co. v. Hidden Wells Ranch, Inc.*, 435 P.2d 198, 200 (Nev. 1967) (stating that a foreclosure sale is void if not done in accordance with the foreclosing party's power of sale and "applicable law"); *In re Cedano*, 470 B.R. 522, 530 (9th Cir. BAP 2012) (stating that "substantially defective sales have been held to be void"). When a sale is void, it is "ineffectual." *Deep v. Rose*, 364 S.E.2d 228, 232 (Va. 1988). "No title, legal or equitable, passes to the purchaser." *Id.*; *see, e.g.*, *Gilroy v. Ryberg*, 667 N.W.2d 544, 554 (Neb. 2003) (stating "when a sale is void, 'no title, legal or equitable, passes to the sale purchaser or subsequent grantees'" even if the property is bought by a bona fide purchaser (quoting 1 Grant S. Nelson & Dale A. Whitman, Real Estate Finance Law § 7.20 (3d ed. 1993) & citing 12

---

[2] When a federal court interprets state law, it is "bound by the decisions of the state's highest court." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004) (quotation omitted). Where the state's highest court has not decided the issue, a federal court must predict how the state's highest court would decide. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). I may use "decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Assurance Co.*, 379 F.3d at 560 (quotation omitted).

Thompson on Real Property, supra, § 101.04(c)(2)(ii) at 403 (David A. Thomas ed.1994)). Consequently, no title passed to the plaintiff via the HOA's foreclosure sale.

Fairness also dictates this result.[3] *See Nevada Land*, 435 P.2d at 200 ("In the proper case, the trial court may set aside a trustee's sale upon the grounds of fraud or unfairness."); Nev. Rev. Stat. § 116.1108 ("The principles of law and equity, including . . . the law of real property, . . . estoppel, fraud, misrepresentation, duress, coercion, mistake, receivership, substantial performance, or other validating or invalidating cause supplement the provisions of this chapter, except to the extent inconsistent with this chapter."). The pre-auction announcement that the super-priority portion of the HOA lien was not being foreclosed upon would have impacted who would bid on the property as well as the price bidders would pay. A reasonable first deed of trust holder, upon hearing the announcement, would assume its secured interest was not in jeopardy because only a junior lien was being foreclosed. The first deed of trust holder therefore would not be incentivized to bid to protect its security interest. Other reasonable bidders hearing the announcement would adjust their bid price to account for the increased risks and obligations associated with two senior liens on the property: the HOA super-priority lien and the first deed of trust (which would not be extinguished if the HOA foreclosed on only its sub-priority lien). In addition to this unfairness, the plaintiff is requesting a result the parties to the transaction did not intend. *See Reno Club v. Young Inv. Co.*, 182 P.2d 1011, 1016 (Nev. 1947) ("This would be virtually creating a new contract for the parties, which they have not created or intended themselves, and which, under well settled rules of construction, the court has no power to do.").

Holding as plaintiff requests—that the HOA foreclosed on its super-priority lien—would award a windfall to a purchaser who took with notice of the announcement that the sale was not of the super-priority lien. To avoid unfairness to the first deed of trust holder and other bidders and to uphold the parties' intent, equity counsels that the sale is void. Consequently, if the HOA cannot split its lien, the HOA foreclosure sale is void, and the plaintiff cannot meet its burden of showing it has title superior to the defendants.

---

[3] Thus, even if the sale is voidable, as opposed to void, I would reach the same result.

**C. Summary**

Because the plaintiff cannot meet its burden of establishing superior title, I grant the defendants' motions for summary judgment and deny the plaintiff's motion for summary judgment on the plaintiff's quiet title claim. Additionally, because the plaintiff's quiet title claim fails, so does its wrongful foreclosure claim. *See Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). I therefore grant the defendants' motions for summary judgment and deny the plaintiff's summary judgment motion on the plaintiff's wrongful foreclosure claim.[4]

**II. CONCLUSION**

IT IS THEREFORE ORDERED that defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's renewed motions for summary judgment **(Dkt. ##112, 113) are GRANTED.**

IT IS FURTHER ORDERED that plaintiff 7912 Limbwood Court Trust's motion for summary judgment **(Dkt. #96) is DENIED**.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation and against plaintiff 7912 Limbwood Court Trust.

DATED this 31st day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] I need not address the parties' other arguments raised on summary judgment.