UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 7912 LIMBWOOD COURT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *et al.*,<br><br>Defendants. | Case No. 2:13-cv-00506-APG-GWF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(DKT. #137) |

I previously granted the defendants' motion for summary judgment and judgment was entered against plaintiff 7912 Limbwood Court Trust. (Dkt. #135, #136.) Limbwood moves for reconsideration. Limbwood argues I should certify to the Supreme Court of Nevada the question of whether a homeowners' association ("HOA") can split a lien into super- and sub-priority portions and foreclose on only one portion. Additionally, Limbwood argues that the HOA's agent engaged in a deceptive trade practice by advertising the foreclosure of the super-priority lien but then announcing at the auction that it would foreclose on only the sub-priority portion.

The defendants respond that certification is not appropriate because the issue of whether an HOA can split its lien would not be dispositive in this case. Additionally, the defendants contend that seeking certification after receiving an unfavorable judgment is disfavored. Finally, the defendants argue that the issue of whether an attempted lien split is a deceptive trade practice is not before this Court.

I may alter or amend the judgment under Rule 59(e)[1] if (1) the moving party presents newly discovered evidence, (2) "there is an intervening change in controlling law," or (3) my prior Order was clearly erroneous or manifestly unjust. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d

---

[1] Limbwood moved for reconsideration within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).

1255, 1263 (9th Cir. 1993)). I also may reconsider my decision if "other, highly unusual, circumstances" warrant it. *Sch. Dist. No. 1J, Multnomah Cnty., OR*, 5 F.3d at 1263.

I deny reconsideration because no new law or facts have been presented, I did not commit clear error, and my prior ruling is not manifestly unjust. Certification to the Supreme Court of Nevada is unwarranted because it would not be "determinative" of this case. Nev. R. App. P. 5(a); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1163-64 (Nev. 2006). As I stated in my prior Order, I need not resolve the issue of whether an HOA can split its lien and foreclose on only one portion because Limbwood cannot prevail on its claims either way. (Dkt. #135 at 4:4-7.) "If an HOA can split its lien, it did so here. If it cannot, then the sale is void" for the reasons set forth in my prior Order. (*Id.*) Thus, the resolution of this case does not depend on whether an HOA legally can split its lien.

Moreover, "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed a second chance at victory through certification . . . after an adverse district court ruling." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (quotation omitted). Limbwood did not move for certification until after it lost on summary judgment. Limbwood has not overcome this presumption against certification, particularly where the question to be certified would not be determinative of this action. The fact that other parties in Nevada would like an answer to the question is insufficient.

Finally, Limbwood's assertion that the HOA or its agent may have committed deceptive trade practices does not support certification or reconsideration. The HOA and its agent are not parties to this litigation. There is no deceptive trade practices claim before me. I express no opinion on whether Limbwood has a viable claims against the HOA or its agent.

Plaintiff's motion for reconsideration **(Dkt. #137) is DENIED**.

DATED this 20th day of January, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE